**Edwin SITUMEANG; Daniel–Edgar Hasudungan, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–75577.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 28, 2010.

Armin Alexander Skalmowski, Law Office of Armin Skalmowski, Alhambra, CA, for petitioners.

Drew Brinkman, U.S. Department of Justice, Susan Houser, Oil, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Edwin Situmeang and Daniel–Edgar Hasudungan, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") orders dismissing their appeal from an immigration judge's decision denying their applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and we review de novo the agency's legal determinations. *Wakkary v. Holder,* 558 F.3d 1049, 1056 (9th Cir.2009). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's finding that petitioners' experiences, including a robbery during which Hasudungan was injured, do not constitute past persecution, *see Hoxha v. Ashcroft,* 319 F.3d 1179, 1181–82 (9th Cir.2003), and petitioners have not demonstrated any basis for past persecution under *Hernandez–Ortiz v. Gonzales,* 496 F.3d 1042, 1045–46 (9th Cir.2007).

However, the BIA did not apply the disfavored group analysis to petitioners' claim that they faced a clear probability of future persecution on account of their Christian religion. In light of our recent intervening decision in *Tampubolon v. Holder,* 610 F.3d 1056, 1062 (9th Cir.2010), we remand for the BIA to assess petition-

** This disposition is not appropriate for publication and is not precedent except as provid-

ers' withholding of removal claims under the disfavored group analysis in the first instance. *See Wakkary,* 558 F.3d at 1067, *see also INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Substantial evidence supports the agency's denial of petitioners' CAT claim because petitioners failed to demonstrate a likelihood of torture upon return to Indonesia. *See Wakkary,* 558 F.3d at 1067–68.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

N.R. SMITH, Circuit Judge, dissenting in part:

I dissent as to the panel's holding on the past persecution finding.